IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DAVID VAN METER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0431-L |
| | § | |
| JUDGE JANICE L. WARDER, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Janice L. Warder ("Warder") and Defendants Renda Leach ("Leach") and Carol-Lou Nicholson ("Nicholson") have filed separate motions for summary judgment in this *pro se* civil rights actions brought under 42 U.S.C. § 1983.  For the reasons stated herein, the motions should be granted.

I.

Plaintiff James David Van Meter was arrested by Richardson police officers after he displayed a badge to a tow truck operator and proclaimed himself a "marshal for a Native American tribe."  A Dallas County grand jury subsequently indicted plaintiff for impersonating a public servant, a third-degree felony under Texas law.  The case was assigned to the Honorable Janice L. Warder, the presiding judge of Dallas County Criminal District Court No. 1.  According to plaintiff, Judge Warder and her court staff, including Deputy District Clerk Renda Leach and Court Coordinator Carol-Lou Nicholson, have conspired to violate his civil rights by refusing to accept

*pro se* filings and by concealing material facts that would reveal his true citizenship.[1]  By this suit, plaintiff seeks damages in the amount of "10,000 ounces of gold" and an order referring this matter to a federal grand jury for investigation.

Defendants now move for summary judgment on immunity grounds.  Plaintiff was ordered to file a written response the motions by June 19, 2006, but failed to do so.  The court therefore decides the summary judgment motions without the benefit of a response.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).  By contrast, a movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Once the movant meets his initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992).  Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Tillison v. Trinity Valley Electric Cooperative, Inc.*, No. 3-03-CV-

---

[1] Plaintiff denies that he is a resident member of the State of Texas.  Instead, he claims to be "a Citizen on the land of 'the state of Texas' and a National of the united States of America[.]" (Plf. Comp. at 8, ¶ 17).

2480-D, 2005 WL 292423 at *1 (N.D. Tex. Feb. 7, 2005), *citing Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996).[2]  All evidence must be viewed in the light most favorable to the party opposing the motion.  *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

### III.

Warder seeks summary judgment on her affirmative defense of absolute judicial immunity. Leach and Nicholson assert the same defense or, alternatively, rely on the defense of qualified immunity.  The court will consider these defenses in turn.

### A.

It is well-settled that judicial officers are absolutely immune from civil liability for actions taken within the scope of their jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 359-60, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005), *quoting Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991).  In order to overcome the defense of judicial immunity, a plaintiff must prove either that: (1) the judge acted outside of her judicial capacity; or (2) the actions of the judge, though judicial in nature, were taken in the complete absence of all jurisdiction.  *Id.*

Neither circumstance is present here.  Notwithstanding plaintiff's unsubstantiated allegations that Warder conspired with her staff to violate his civil rights, there is absolutely no evidence that the judge acted outside her judicial capacity or beyond the scope of her jurisdiction.  Consequently,

---

[2] Although the verified pleadings of a pro se litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e), *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), the only sworn pleading submitted by plaintiff is his original complaint filed on March 10, 2006.  Nothing in that pleading overcomes the immunity defenses relied on by defendants.

Warder is absolutely immune from suit.

B.

Like judges, court clerks enjoy absolute immunity from actions for money damages "arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001), *quoting Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). To the extent Leach and Nicholson were instructed by the judge not to accept certain filings, as plaintiff alleges in his complaint, these defendants are entitled to absolute immunity. With respect to the other claims asserted by plaintiff, Leach and Nicholson are entitled to qualified immunity for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established . . . constitutional right[ ] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Clay*, 242 F.3d at 682 (holding that court clerks are entitled to qualified immunity for "routine duties not explicitly commanded by a court decree or by the judge's instructions"). Here, there is no evidence that either Leach or Nicholson acted improperly, much less violated any federal constitutional right. Plaintiff's paranoid suspicions of a conspiracy and his unsupported accusations of wrongdoing on the part of defendants are insufficient to create a genuine issue of material fact for trial.

**RECOMMENDATION**

The motions for summary judgment filed by Defendant Janice L. Warder [Doc. #9] and Defendants Renda Leach and Carol-Lou Nicholson [Doc. #11] should be granted. All claims against these defendants should be dismissed with prejudice on immunity grounds.[3]

---

[3] Although these immunity defenses do not bar plaintiff's claim for injunctive relief, the court *sua sponte* notes that a private citizen has no right to have someone criminally prosecuted or investigated. *See Burr v. Hill*, No. 3-05-CV-1539-D, 2005 WL 2291891 at *5 (N.D. Tex. Sept. 16, 2005) (Kaplan, J.) (citing cases). Plaintiff is not entitled to an order referring this matter to a federal grand jury for investigation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 22, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE